IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| CHARLES ADAMS, JR., DORA ANGULO, JUAN ANGULO, KATHY BENNETT, MICHAEL CHARRON, STEVEN EMERT, DENNIS HARRIS, MIGUEL IBAVE, JUDITH LA PORTE, ESTRELLA LOZANO, KRISS PERRAS, WILLIAM PRATT, WILLIAM ROBERSON, LISA ROBERTS, RAMON RODRIGUEZ, BRUCE RUBLE, and ANISLEIDY SANTIESTEBAN | § § § § § § § § § | CIVIL ACTION NO. 1:17-cv-00772 |
| Plaintiffs, | § § | |
| vs. | § § | |
| VOLKSWAGEN GROUP OF AMERICA, INC. | § § § | |
| Defendant. | § § | |

**DEFENDANT VOLKSWAGEN GROUP OF AMERICA, INC.'S**
**NOTICE OF REMOVAL**

1.      Defendant Volkswagen Group of America, Inc. ("VWGoA") hereby removes this action from the 353rd District Court of Travis County, Texas, to the United States District Court for the Western District of Texas, Austin Division, 28 U.S.C. §§ 1332, 1441(a) and 1446, based on the following facts:

2.      The above-captioned Plaintiffs ("Plaintiffs") commenced an action in the 192nd District Court of Dallas County, Texas, captioned., *CHARLES ADAMS, JR., DORA ANGULO, JUAN ANGULO, KATHY BENNETT, MICHAEL CHARRON, STEVEN EMERT, DENNIS HARRIS, MIGUEL IBAVE, JUDITH LA PORTE, ESTRELLA LOZANO, KRISS PERRAS, WILLIAM PRATT, WILLIAM ROBERSON, LISA ROBERTS, RAMON*

*RODRIGUEZ, BRUCE RUBLE, and ANISLEIDY SANTIESTEBAN, Plaintiffs vs. VOLKSWAGEN GROUP OF AMERICA, INC., Defendant*, Cause No. DC-15-12866.

3.    This case was deemed transferred to the Texas MDL Pretrial Court for consolidated and coordinated pretrial proceedings for related consumer actions based on common issues of fact on February 10, 2016.  *See* TEX. R. JUD. ADMIN. 13.5(e) (case is deemed transferred when notice has been filed in both the Texas MDL Pretrial Court and the trial court).  Accordingly, the case is currently pending in the MDL pretrial court; the 353rd Judicial District Court of Travis County, Texas, Cause No. D-1-GN-16-000449, MDL Docket No. 15-0884.

4.    The United States District Court for the Western District of Texas, Austin Division, is the United States District, and Division, embracing the 353rd Judicial District Court where this action is pending.  *See* 28 U.S.C. §§ 124(d)(1) and 1446(a).  Therefore, venue of this removed action is proper in this Court.

5.    Initial Removal was preserved by having it filed within thirty days of VWGoA's receipt of a paper from which it first ascertained that the case was removable or that the case had become removable, since the case stated in the initial pleading was not clearly removable.  *See* 28 U.S.C. Section 1446(b)(3); *Mumfrey v. CVS Pharm.*, 719 F.3d 392, 397-98 (5th Cir. 2013).  There has been no waiver of VWGoA's right to removal, and VWGoA has taken no actions in the state court inconsistent with this removal.

6.    Although this Notice of Removal is filed more than a year after the commencement of the suit (this lawsuit was filed on October 20, 2015), the one-year limit does not apply if the plaintiffs acted in bad faith to prevent the defendant from removing the

suit.  28 U.S.C. § 1446(c)(1).  As set forth below, Plaintiffs acted in bad faith when stating the amount in controversy in their Original Petition.

7.      This Notice of Removal is accompanied by the State court file of the 192nd District Court, including the docket sheet, as well as the Answer filed in the 353rd District Court, which are attached as Exhibit "A."  Other than the documents attached at Exhibit A, no pleadings, process, orders or other documents in the case have been served or otherwise received by VWGoA or, to VWGoA's knowledge, are presently on file in the 192nd District Court.  In the event that such filings come to VWGoA's attention, true and legible copies will immediately be filed with this Court.

8.      VWGoA is serving written notification on Plaintiffs' counsel and filing a Notice of Filing Notice of Removal with the Clerk for the 353rd Judicial District Court in Travis, County, Texas.

## II.    Basis for Removal.

### A.  Diversity Jurisdiction

9.      This Court has original jurisdiction of this action under 28 U.S.C. § 1332(a) based on diversity of citizenship because this action is between citizens of different states and the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.  Therefore, removal under 28 U.S.C. § 1441(a) is proper.

10.     At all relevant times, including the time of filing the Petition and the time of removal, Plaintiffs are and were citizens of the state of Texas.  *See* Petition at ¶¶ 3-18.

11.     At all relevant times, including the time of filing the Petition and the time of removal, VWGoA is and was incorporated under the laws of the state of New Jersey and

maintains and maintained its principal place of business in the state of Virginia. Therefore, VWGoA is and was a citizen of New Jersey and Virginia within the meaning of 28 U.S.C. § 1332(c). VWGoA is not incorporated in Texas and does not maintain its principal place of business in Texas. VWGoA is not a citizen of Texas.

12.    Because VWGoA is not a citizen of Texas, complete diversity of citizenship is satisfied under 28 U.S.C. § 1332(a).

13.    There are over 1,300 actions pending in federal courts in the United States against VWGoA and other entities arising from the Environmental Protection Agency's September 2015 Notice of Violation alleging installation of "defeat device" engine emissions control software in certain VW and Audi vehicles equipped with 2.0 liter TDI diesel engines (hereinafter "related actions"). On December 8, 2015, the Judicial Panel on Multidistrict Litigation ("JPML") ordered related actions pending in federal district courts be consolidated and transferred for centralized pretrial proceedings before the United States District Court for the Northern District of California pursuant to 28 U.S.C. § 1407.[1] The JPML Order of December 8, 2015 (annexed hereto as Exhibit "B") identifies the vehicles Plaintiffs allegedly purchased as affected 2.0 liter TDI diesel models. Petition ¶¶ 29-45.

14.    The Petition in this action—similarly to all related actions—alleges installation of emissions "defeat device" software and noncompliance with EPA emissions regulations. *See* Petition ¶¶ 22-23. The Petition alleges that during normal operation the subject vehicle and other vehicles in related actions emit nitrogen oxides (NOx) at up to 40 times the standard allowed under United States laws and regulations. Petition ¶ 23.

---

[1] That action is currently pending in the Northern District of California as *In Re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation*, 3:15-md-02672.

15.    Based on these allegations, Plaintiffs assert causes of action under the Texas Deceptive Trade Practices Act.    Petition ¶¶ 46-51.    Plaintiffs request actual damages, statutory treble damages, and attorneys' fees.  Petition ¶¶ 52-54.[2]

16.    Each individual plaintiff's case was not previously clearly removable on the face of the initial pleading.  In the *ad damnum* clause, Plaintiffs plead they each individually "seek less than $75,000, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney fees."  Petition ¶ 2.

17.    Recently, on July 17, 2017, VWGoA received a demand letter from Plaintiffs' counsel, Eric Pearson, for each of the Plaintiffs herein, offering to settle each individual case for $175,000.00.[3]    Post-complaint correspondence from the plaintiff qualifies as "other paper."  *Addo v. Globe Life & Acc. Ins*., 230 F.3d 759, 761-62 (5th Cir. 2000) (post-complaint demand letter offering to settle).

18.    This case was removed within 30 days after VWGoA received the paper from which it could first ascertain that the case is removable or that the case has become removable since the case stated in the initial pleading was not clearly removable.  *See* 28 U.S.C. Section 1446(b)(3); *Mumfrey v. CVS Pharm*., 719 F.3d 392, 397-98 (5th Cir. 2013).

19.    Although this Notice of Removal is filed more than a year after the commencement of the suit (this lawsuit was filed on October 20, 2015), the one-year limit

---

[2] In making its good faith calculations of the amounts being sought by the Petition, VWGoA does not concede or admit, in any fashion, that any claims for such amounts, or any amounts, have legal or factual merit, and reserves all rights and defenses to such claims.

[3] Those letters are attached collectively as Exhibit "C."  Plaintiffs' counsel sent multiple letters regarding the hundreds of Plaintiffs he represents.  He did not send a letter on behalf of Plaintiff Charles Adams, Jr. Given that Plaintiffs' counsel sent a form letter offering to settle each of the hundreds of cases for the exact same amount, VWGoA assumes the omission of the letter on behalf of this Plaintiff was a mistake and assumes Plaintiffs' counsel intended the letter to apply to Plaintiff Charles Adams, Jr.

does not apply since plaintiffs acted in bad faith to prevent VWGoA from removing the suit. 28 U.S.C. § 1446(c)(1). A finding that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal is considered bad faith. 28 U.S.C. § 1446(c)(3)(B). Here, Plaintiffs stated in their initial pleading they (each individually) seek less than $75,000 in damages, and then made a demand for $175,000 each. Plaintiffs deliberately failed to disclose the actual amount in controversy to prevent removal.

WHEREFORE, because the United States District Court for the Western District of Texas has original diversity of citizenship jurisdiction of this matter, Volkswagen Group of America, Inc. respectfully requests that this Court assume full jurisdiction over the cause herein as provided by law.

Respectfully submitted,

*/s/ C. Vernon Hartline, Jr.*
**C. VERNON HARTLINE, JR.**
State Bar No. 09159500
hartline@flash.net
**JOHN DACUS**
State Bar No. 05305300
jdacus@hdbdlaw.com

**HARTLINE DACUS BARGER DREYER LLP**
8750 N. Central Expressway, Suite 1600
Dallas, Texas 75231
214-369-2100
214-369-2118 fax

And

**DARRELL L. BARGER**
State Bar No. 01733800
dbarger@hdbdlaw.com

**HARTLINE DACUS BARGER DREYER LLP**
1980 Post Oak Boulevard, Suite 1800
Houston, Texas 77056
713-759-1990
713-652-2419 fax

And

**RICHARD W. CREWS, JR.**
State Bar No. 05075500
rcrews@hdbdlaw.com

**HARTLINE DACUS BARGER DREYER LLP**
800 North Shoreline Blvd, Suite 2000, North Tower
Corpus Christi, TX 78401
361-866-8000
361-866-8039 fax
And

**WILLIAM B. MONAHAN**
New York State Bar 4229027
monahanw@sullcrom.com

**SULLIVAN & CROMWELL LLP**
125 Broad Street
New York, New York 10004
212-558-4000
Fax: 212-558-3588

**ATTORNEYS FOR DEFENDANT VOLKSWAGEN GROUP OF AMERICA, INC.**

## CERTIFICATE OF SERVICE

On August 14, 2017, I electronically submitted the foregoing document with the clerk of court for the U.S. District Court, Western District of Texas, using the electronic case filing system of the court. I hereby certify that I have served Plaintiffs' counsel of record electronically directly to their e- mail address:

**CRAIG M. PATRICK**
State Bar No. 00792743
craigpatrick@att.net

**PATRICK LAW FIRM, P.C.**
6244 E. Lovers Lane
Dallas, Texas 75214

**ERIC D. PEARSON**
State Bar No. 15690472
eric@hop-law.com
**CHARLES W. MILLER**
State Bar No. 24007677
charles@hop-law.com

**HEYGOOD, ORR &PEARSON**
6363 N. State Highway 161
Suite 450
Irving, Texas 75038

*/s/ C. Vernon Hartline, Jr.*